**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIO MARTINEZ,<br><br>               Petitioner,<br><br>v.<br><br>WAYNE MULLER, et al.,<br><br>               Respondents. | Civil Action No. 12-1731 (JLL)<br><br><br>**OPINION** |

**LINARES,** District Judge.

This matter comes before the Court by way of Julio Martinez ("Petitioner")'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that he is being unlawfully held in custody as a result of Respondents'[1] erroneous interpretation of the mandatory detention provision contained in § 236(c) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1226(c). Having carefully considered the submissions made in support of and in opposition to the instant petition, the instant petition for a writ of habeas corpus is granted in part, and denied in part.

---

[1] Respondents argue that the Court should dismiss the instant petition as to all Respondents except Oscar Aviles, the Director of the Hudson County Correctional Facility and Petitioner's immediate custodian. As this Court observed in *Gonzalez v. Napolitano*, No. 12-2978, 2012 WL 3133873, at *1 n.1 (D.N.J. July 30, 2012), "the only proper respondent to a petition for a writ of habeas corpus is the warden of the facility where the prisoner is being held." *See also Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004) ("The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner']"). Accordingly, the instant petition is dismissed without prejudice as to all Respondents except Oscar Aviles.

## I.     BACKGROUND

Petitioner, a citizen and native of the Dominican Republic, has been a legal permanent resident since August 8, 1996.  On or about January 23, 2003, Petitioner pled guilty to rape in the second degree in violation of Section 130.30(1) of the New York State Penal Law.[2]  Petitioner was sentenced to serve six months of incarceration, was released in 2003, and is presently serving a 10-year period of probation. (*See* Dkt. No. 16-1 at 103.)

On December 3, 2010, the Department of Homeland Security ("DHS") issued a Notice to Appear charging Petitioner with removability under the Immigration and Nationality Act for his conviction of an aggravated felony, specifically, sexual abuse of a minor.  (*Id.* at 108.)  On this date, the DHS also issued an administrative warrant for Petitioner's arrest.  (*Id.* at 105.)

On November 1, 2011, the Immigration and Customs Enforcement ("ICE") detained Petitioner and served him with the Notice to Appear.  (*Id.*)  Petitioner was informed that he would remain in the custody of the DHS pending an immigration judge's final determination of his case, and that he may not seek "a review of this custody determination by an immigration judge because the Immigration and Nationality Act prohibits [his] release from custody."  (*Id.* at 107.)

A master calendar hearing before an immigration judge was held in Petitioner's removal proceeding on March 9, 2012.  (Dkt. No. 1-3 at 4.)  Petitioner alleges that his counsel requested his release on bond on the ground that he is not subject to mandatory detention under § 236(c) of the INA because he was not detained "when released" as required by the statue.  (*Id.*)  This request, however, was denied on jurisdictional grounds. (Dkt. No. 16 at 21, ¶ 14.)

---

[2] In his petition, Martinez asserts that he is challenging the constitutionality of his criminal conviction on the grounds that he is actually innocent, and was not advised of the immigration consequences of his guilty plea.

Petitioner is currently detained at the Hudson County Correctional Facility in Kearny, New Jersey. (Dkt. No. 1 at 4.) He filed the instant petition for a writ of habeas corpus on March 20, 2012, arguing that he is not subject to mandatory detention because he was not taken into custody "immediately upon release from incarceration." In his petition, Petitioner requests that this Court order his immediate release on his own recognizance or under bond or— alternatively—an individualized bond hearing before an immigration judge at which the Government would bear the burden of proving that his continued detention is justified. (Dkt. No. 1 at 10.) Petitioner has also requested an award of reasonable attorney's fees pursuant to the Equal Justice Act, 28 U.S.C. § 2412.

## II.    DISCUSSION

### A.    Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have subject matter jurisdiction under 28 U.S.C. § 2241(c)(3) if two requirements are satisfied, namely, that (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In this case, Petitioner is in custody within this Court's jurisdiction, and has alleged that his detention is not statutorily authorized and violates his constitutional right to Due Process. Accordingly, the Court will exercise subject matter jurisdiction over the instant petition.

### B.    Mandatory Detention

Section 1226(a) authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed

3

from the United States.  8 U.S.C. § 1226(a).  Except as provided in § 1226(c), the Attorney

General may release the alien on "bond of at least $1,500."  8 U.S.C. § 1226(a)(1)(A).

By contrast, INA § 236(c), codified at 8 U.S.C. § 1226(c), mandates detention of

specified criminal aliens, without bond, during removal proceedings.  It provides:

> The Attorney General shall take into custody any alien who—
>
> (A) is inadmissible by reason of having committed any offense covered in Section 1182(a)(2) of this title,
>
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
>
> (C) is deportable under Section 1227(a)(2)(A)(I) of this title on the basis of an offense for which the alien has been sentenced to a term of imprisonment of at least 1 year, or
>
> (D) is inadmissible under Section 1182(a)(3)(B) of this title or deportable under Section 1227(a)(4)(B) of this title,
>
> **when the alien is released**, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c) (emphasis added).

Petitioner does not dispute that the offense to which he pled guilty is among the

enumerated offenses that could trigger mandatory detention pursuant to § 1226(c).  Rather, he

asserts that § 1226(c) does not apply to him because ICE failed to detain him *immediately* upon

his release from criminal incarceration, and instead waited eight years from his release date to

detain him.  Petitioner urges this Court to hold that he is detained pursuant to § 1226(a), and that

he is thus entitled either to an individualized bond hearing before an immigration judge, or

release on his own recognizance.

4

Respondents argue that pursuant to the Board of Immigration Appeals' ("BIA")'s decision in *Matter of Rojas*, 23 I. & N. Dec. 117 (BIA 2001), Petitioner is properly detained under Section § 1226(c). Respondents further contend that the BIA's interpretation of the "when the alien is released" language in *Rojas* is entitled to deference under the principles the Supreme Court set forth in *Chevron U.S.A., Inc. v. Nat'l Res. Def. Council, Inc.*, 467 U.S. 837 (1984)[3] because the language of § 1226(c) is, at worst, ambiguous.

In *Rojas*, the BIA held that the "when the alien is released" language of § 1226(c) mandates that aliens who have been convicted of certain enumerated offenses be detained without the possibility of bail "regardless of when they were released from criminal confinement and regardless of whether they had been living within the community for years after their release." 23 I. & N. Dec. at 121. In arguing that this Court should accord deference to the BIA's interpretation of the "when the alien is released" language, Respondents rely on a number of district court opinions and a recent decision of the Fourth Circuit which accord deference to the BIA's interpretation in *Rojas*, and hold that an alien may be subject to mandatory detention even if there is a gap between the time of release from criminal incarceration and the time of detention by immigration authorities. *See, e.g., Hosh v. Lucero*, 680 F.3d 375, 384 (4th Cir. 2012) (holding "that the BIA's interpretation of § 1226(c) was reasonable, and must be accorded deference."); *Sulayao v. Shanahan*, No. 09 Civ. 7347, 2009 U.S. Dist. LEXIS 86497 (S.D.N.Y. Sept. 15, 2009) (same).

---

[3] In *Chevron*, the Supreme Court established a two-step framework for reviewing an administrative agency's interpretation of a statute. *Id.* at 842-43. Under step one, the Court must consider "whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter." *Id.* If, however, "the statute is silent or ambiguous with respect to the specific issue," then the Court must proceed to step two and determine whether the agency's determination is "based on a permissible construction of the statute." *Id.*

The Third Circuit has yet to rule on whether § 1226(c) contains an immediacy requirement,[4] and the Court is mindful that federal courts have yet to reach a consensus as to the proper interpretation of § 1226(c). *Compare, e.g., Hosh v. Lucero*, 680 F.3d 375, 384 (4th Cir. 2012) (finding the "when the alien is released" language ambiguous, and holding that detention pursuant to § 1226(c) does not require the Government to act immediately upon a criminal alien's release), *with, e.g., Saysana v. Gillen*, 590 F.3d 7, 18 (1st Cir. 2009) (finding the "when the alien is released" language unambiguous, and holding that § 1226(c) did not apply to petitioner who was not taken into immigration custody until 16 years after being released from incarceration for the offense that would have subjected him to mandatory detention).

Acknowledging the lack of consensus among federal courts, Respondents assert that "cases that hold that the 'when released' language can have only one meaning are neither persuasive nor controlling . . . [and] fail to adequately address the interpretation adopted by *Matter of Rojas* in light of Congress' purpose in requiring mandatory detention for certain criminal aliens." (Dkt. No. 16-2 at 10.) This Court disagrees.

Most of the cases within this district that have addressed the issue have held that the "when the alien is released" language requires the Government to act *immediately* upon an alien's release from criminal custody and, when it does not, said alien is properly considered to be held under § 1226(a), which entitles him or her to a bond hearing. *See, e.g., Nimako v. Shanahan*, No. 12-4909, 2012 U.S. Dist. LEXIS 133110 (D.N.J. Sept. 18, 2012); *Cox v. Elwood*, No. 12-4403, 2012 U.S. Dist. LEXIS 122017 (D.N.J. Aug. 28, 2012); *Dimanche v. Tay-Taylor*, No. 12-3831, 2012 U.S. Dist. LEXIS 116432 (D.N.J. Aug. 9, 2012); *Parfait v. Holder*, No. 11-

---

[4] As of September 20, 2012, the issue of how the "when the alien is released" language of § 1226(c) should be interpreted is pending before the Third Circuit. *See Sylvain v. Holder*, S.A. No. 11-3357, (3d Cir. Docketed Aug. 31, 2011) and *Desrosiers v. Hendricks*, C.A. No. 12-1053 (3d Cir. Docketed Jan. 11, 2012). To date, however, the Third Circuit has not issued a ruling in either of these cases.

4877, 2011 U.S. Dist. LEXIS 117053 (D.N.J. Oct. 11, 2011); *Sylvain v. Holder*, No. 11-3006, 2011 U.S. Dist. LEXIS 69591 (D.N.J. June 28, 2011); *Kot v. Elwood*, No. 12-1720, 2012 U.S. Dist. LEXIS 61346 (D.N.J. May 2, 2012); *but see Derosiers v. Hendricks*, No. 11-4643, 2011 U.S. Dist. LEXIS 154971 (D.N.J. Dec. 30, 2011) (holding that petitioner who was detained while on probation, rather than immediately when released from custody, was still subject to the mandatory detention pursuant § 1226(c)); *Diaz v. Muller*, No. 11-4029, 2011 U.S. Dist. LEXIS 85971 (D.N.J. Aug. 4, 2011) ("[T]his Court does not concur that the statutory language [of § 1226(c)] is unambiguous and amenable to only one interpretation.  Nor does this Court perceive that the statutory language necessarily imposes a temporal requirement such that detention must occur immediately upon the alien's release.").

Recently, in *Gonzalez v. Napolitano*, this Court rejected the very same argument that Respondents make in the instant case, namely, that the Court should defer to the BIA's interpretation of the "when the alien is released" language in *Rojas*. No. 10-2035, 2011 U.S. Dist. LEXIS 86629 (D.N.J. Aug. 5, 2011) (Linares, J.).  In *Gonzalez*, this Court found that "the plain language of the [mandatory detention statute is] unambiguous," and held "that Congress clearly intended to give the Attorney General the authority of mandatory detention under § 1226(c)(1) only if the government takes the alien into custody *immediately* when the alien is released from custody resulting from one of the offenses enumerated in § 1226(c)."  2012 WL 3133873, at *5 (emphasis added).  Similarly, in *Beckford v. Aviles*, this Court rejected the argument that the BIA's interpretation of § 1226(c) is ambiguous and entitled to *Chevron* deference, and held that because "DHS did not take [the petitioner] into custody when he was released from incarceration in 2007, but waited to take him into custody until March 2, 2010, almost three years later, [the petitioner was] not subject to mandatory detention under §

7

1226(c)(1)." No. 10-2035, 2011 U.S. Dist. LEXIS 86629, at *28 (D.N.J. Aug. 5, 2011) (Linares, J.).

Absent a directive from the Third Circuit, this Court is not inclined to depart from the principles it set forth in *Gonzalez* and *Beckford*, namely, that the unambiguous language of the mandatory detention statute requires *immediate* action upon an alien's release from criminal incarceration. Because ICE did not detain Petitioner until approximately eight years after he was released from his criminal incarceration, this Court holds that Petitioner may not be held under § 1226(c), and that his current detention is pursuant to § 1226(a). Accordingly, Petitioner is entitled to an individualized bond hearing before an immigration judge.

**B.     Burden of Proof**

Petitioner argues that Due Process requires the Government to bear the burden of proving that his continued detention is justified at an individualized bond hearing, but cites no binding authority suggesting that this Court must require the Government to bear such a burden. Respondents do not address the burden of proof issue at all in their submission.

Although not raised by either party, the Court is mindful that the BIA has held that at a bond hearing, "the burden is on the alien to show to the satisfaction of the Immigration Judge that he or she merits release on bond." *See Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006). The Third Circuit, however, has recognized certain circumstances under which the Government must bear the burden of proving that continued detention of an alien in removal proceedings is warranted. For example, in *Diop v. ICE/Homeland Sec.*, the Third Circuit observed that "when detention becomes unreasonable, the Due Process Clause demands a hearing at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." 656 F.3d 221, 233 (3d Cir. 2011). Although the Third Circuit

8

did not define a particular point at which detention becomes unreasonable, it noted that the "constitutional case for continued detention [under § 1226(c)] without inquiry into its necessity becomes more and more suspect as detention continues past the [presumably reasonable one-and-a-half to five-month] thresholds" for removal proceedings contemplated by the Supreme Court in *Demore v. Hyung Joon Kim*, 538 U.S. 510, 530 (2003). *See id.* at 234.

For purposes of the instant petition, this Court need not decide whether the length of Petitioner's detention has exceeded the scope of constitutional reasonableness. Nevertheless, the fact that Petitioner has been detained for over 10 months—that is, twice the amount of time the Supreme Court observed was typical for an alien to be detained under § 1226(c)—under an erroneous reading of the mandatory detention statute, and without having received a bond hearing, raises constitutional concerns. *See Diop*, 656 F.3d at 233; *see also Nwozuzu v. Napolitano*, No. 12-3963, 2012 U.S. Dist. LEXIS 115737, at *18 (D.N.J. Aug. 16, 2012) (holding that the Government bore the burden of proving that continued detention of alien who had been detained for 28 months was justified). Accordingly, this Court holds that the Government must bear the burden of proving that Petitioner's continued detention is warranted at the individualized bond hearing.

**C.    Attorney's Fees**

Petitioner has requested an award of reasonable attorney's fees pursuant to the Equal Justice Act, 28 U.S.C. § 2412, but has not explained why he is entitled to such an award. Petitioner's request is denied because the arguments that Respondents have advanced in response to the instant petition are not meritless, particularly in light of the fact that the Third Circuit has yet to rule on the proper interpretation of the mandatory detention statute. *See, e.g., Burns v. Cicchi*, 702 F. Supp. 2d 281, 294 (D.N.J. 2010) (declining to award attorney's fees because

petitioner could not establish that application of mandatory detention statute was unjustified in light of the Third Circuit's not yet having addressed the proper interpretation of the statute).

## IV.   CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus is granted in part and denied in part. An immigration judge shall provide Petitioner with an individualized bond hearing within fourteen (14) days from the date of entry of this Court's corresponding Order to determine whether, and under what conditions, Petitioner may be released from custody pending the resolution of his removal proceeding. The Government shall bear the burden of proving that Petitioner's continued detention is warranted at the individualized bond hearing. Further, the instant petition is dismissed without prejudice as to all Respondents except Oscar Aviles, and Petitioner's request for attorney's fees is denied. An appropriate Order follows.

Date: September 25, 2012

JOSE L. LINARES
U.S. DISTRICT JUDGE